Filed 3/8/22  P. v. Reyes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OSCAR GARCIA REYES,<br><br>Defendant and Appellant. | F081453<br><br>(Madera Super. Ct. No. MCR053957B)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Dale J. Blea, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Oscar Garcia Reyes pleaded guilty to second degree murder in 2016 and was sentenced to 15 years to life. In 2019, appellant filed a petition for resentencing pursuant to Penal Code[1] section 1170.95 and alleged his murder conviction was based on the felony-murder rule and/or the natural and probable consequences doctrine, and he was entitled to relief because he was not the actual killer. The court denied the petition.

On appeal, his appellate counsel has filed a brief, which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL BACKGROUND

On May 26, 2016, a complaint was filed in the Superior Court of Madera County, case No. MCR053957, charging appellant and codefendant Kevin Rendon with count 1, the murder of Fabian Hernandez, on or about June 18, 2015 (§ 187), with the special circumstance that they intentionally killed the victim while they were active participants in a criminal street gang, and the murder was carried out to further the gang's activities (§ 190.2, subd. (a)(22)); with firearm enhancements alleged as to both defendants (§ 12022.53, subds. (b)–(e)), and a gang enhancement against defendant (§ 186.22, subd. (b)(5)). In count 2, they were charged with active participation in a criminal street gang (§ 186.22, subd. (a)).

Appellant pleaded not guilty and denied the special circumstance and allegations.

**Appellant's Plea Hearing**

On September 15, 2016, Judge Blea held a hearing for appellant's pending cases.

In case No. MCR051906A, appellant pleaded guilty to count 1, attempted premeditated murder of Gerardo Diaz-Rodriguez on June 26, 2015 (§§ 187, 664) and

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

admitted the gang enhancement (§ 186, subd. (b)(5)) and the firearm enhancement (§ 12022.53, subd. (b)); and count 2, active participation in a criminal street gang, pursuant to a negotiated disposition that the sentence would be concurrent to the term imposed for case No. MCR053957. The parties stipulated to the evidence introduced at the preliminary hearing as the factual basis for the plea in case No. MCR051906A.

In case No. MCR053957, the court granted the prosecution's motion to amend the complaint as to appellant, to allege count 1, second degree murder, and dismiss the special circumstance. Appellant pleaded guilty to count 1, second degree murder, and count 2, active participation in a criminal street gang, pursuant to a negotiated disposition for 15 years to life with a stayed term for count 2; and the sentence imposed for case No. MCR053975 would be served concurrently to the term appellant would receive in the unrelated case No. MCR051906A.

The prosecutor and defense counsel stipulated to the following factual basis for appellant's plea in case No. MCR053975, as stated by the prosecutor at the plea hearing.

> "The People would offer for stipulation that on or about June 18th, 2015, in the county of Madera, Mr. Oscar Garcia Reyes was an active Norteño gang member. He got in his SUV and went to a fellow Norteño gang member's house, Kevin Rendon. He picked Mr. Kevin Rendon up. He then drove Mr. Kevin Rendon to Fabian Hernandez's house. When he drove with Mr. Rendon to Fabian Hernandez's house, *they drove there with the intent to shoot up the house in an attempt to kill somebody*. Mr. Reyes did pull that vehicle up to the front of Mr. Hernandez's house. At that point, Mr. Rendon fired multiple shots outside of the vehicle at the house. One of those bullets entered the house and struck and killed Fabian Hernandez." (Italics added.)

**Sentencing Hearing**

On November 17, 2016, the court held the sentencing hearing.

In case No. MCR051906A, the court sentenced appellant to 15 years to life for count 1, attempted murder, plus a consecutive term of 10 years for the section 12022.53, subdivision (b) enhancement, and stayed the sentences for the remaining charges.

3.

In case No. MCR053975, the court sentenced appellant to 15 years to life for count 1, second degree murder, to be served concurrently with the term imposed in case No. MCR051906A; and stayed the term for count 2.

The court granted the prosecution's motion to dismiss the remaining counts in both cases because of the negotiated disposition.

On November 28, 2016, the court modified the sentence in case No. MCR053975 to impose a concurrent term for count 2 instead of staying it.

## SENATE BILL NOs. 1437 & 775

The instant appeal is from the denial of appellant's petition for resentencing that he filed pursuant to Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), that was effective on January 1, 2019, and amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, *did not act with the intent to kill*, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959, italics added.)

"Substantively, Senate Bill 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723; *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

"In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 959.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or

4.

murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.' [Citations.] Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' [Citation.] If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at pp. 959–960.)

"Where the petition complies with [section 1170.95,] subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. [Citation.] [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not … previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' [Citation.] 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' [Citation.] At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 960.)

**Lewis**

In *Lewis*, the court interpreted the provisions of section 1170.95 and held that petitioners "are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to

determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 957.) The court's failure to appoint counsel only constitutes state error subject to review under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at p. 973.)

*Lewis* also held that "at the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 974.) After appointing counsel, the trial court could rely on the record of conviction to determine whether the prima facie showing is made "to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) The record of conviction includes a prior appellate opinion, although it will be case-specific. (*Id*. at p. 972.) The prima facie finding under section 1170.95, subdivision (c) is limited, and the court must accept the petitioner's factual allegations as true and cannot reject the allegations on credibility grounds without conducting an evidentiary hearing. (*Lewis,* at p. 971.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id*. at p. 972.)

**Senate Bill No. 775**

In October 2021, Senate Bill No. 775 was enacted and amended section 1170.95, effective on January 1, 2022. (2020–2021 Reg. Sess.; Stats. 2021, ch. 551, § 1 (Senate Bill 775).) As a result of the amendments, section 1170.95 clarified that "a person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that

person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances. (§ 1170.95, subd. (a).)

The amendments also codified the holding in *Lewis* that a petitioner has the right to appointment of counsel, if requested, prior to the court making the prima facie finding. (§ 1170.95, subd. (b)(3).) After appointment of counsel, the parties shall have the opportunity to submit briefing, and "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).)

If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so. (§ 1170.95, subd. (c).) If the court issues the order to show cause and conducts a hearing, the prosecution has the burden to prove beyond a reasonable doubt that petitioner is guilty of murder or attempted murder under the amended versions of sections 188 and 189. (§ 1170.95, subd. (d)(3).)

"The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder … is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for

resencing." (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

## APPELLANT'S SECTION 1170.95 PETITION

On November 22, 2019, appellant filed, in pro. per., a section 1170.95 petition for resentencing in his second degree murder conviction in case No. MCR053975.

The petition was supported by appellant's declaration, signed under penalty of perjury, where he checked boxes on a preprinted form that stated he was entitled to resentencing under section 1170.95 because a complaint or information was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony murder-rule or the natural and probable consequences doctrine; he could not now be convicted of first or second degree murder because of the changes made to section 189; he was not the actual killer; he did not, with the intent to kill, aid, abet, or assist the actual killer; he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the felony; and he could not now be convicted of second degree murder under the natural and probable consequences doctrine or felony murder because of changes to section 188.

Appellant requested appointment of counsel.

On November 25, 2019, the trial court issued an order to show cause and found appellant stated a prima facie case for relief. On January 24, 2020, the court appointed counsel.

On June 2, 2020, the prosecution filed opposition and argued the petition should be denied based on the stipulated factual basis for appellant's plea, that he aided and abetted the actual killer with the intent to kill; the prosecution filed the transcript of the plea hearing as a supporting exhibit.

8.

**The Court's Denial of the Petition**

On July 17, 2020, Judge Blea held a hearing on appellant's section 1170.95 petition. The prosecutor argued that the record showed appellant was not charged under either felony murder or the natural and probable consequences theories, the stipulation at the time of his plea showed that appellant "aided and abetted," and he was guilty based on his "direct liability under aiding and abetting." Defense counsel did not offer any evidence and submitted the matter based on the stipulated factual basis at the plea hearing.

Judge Blea, who took appellant's plea, denied appellant's section 1170.95 petition:

"The issue here is whether the prosecution can prove beyond a reasonable doubt that Mr. Reyes is guilty of second-degree murder under a theory the petitioner, Mr. Reyes, was not the actual killer but a principal who aided and abetted in the commission of the murder.

"The court reviewed the change of Plea transcript, and during that change of plea hearing, the prosecutor offered a factual basis that included a representation that Mr. Reyes drove his SUV to Mr. Rendon's residence. He picked Mr. Rendon up, and then he drove Mr. Rendon to Fabian Hernandez's house. The factual basis included the following: Quote, when he drove with Mr. Rendon to Fabian Hernandez's house, they drove there with the intent to shoot up the house and attempt to kill somebody. Mr. Reyes did pull that vehicle up to the front of Mr. Hernandez's house, at that point, Mr. Rendon filed – fired multiple shots outside of the vehicle at the house. one of those bullets entered the house and struck and killed Fabian Hernandez….

"I then asked defense counsel: 'Do you stipulate that this is the factual basis for the plea?'

"Defense counsel responded, quote, so stipulated, your Honor, close quote.

"It appears to the court beyond a reasonable doubt that Mr. Reyes was not the actual killer but is still liable under Penal code section 189 in that when he drove Mr. Rendon to Hernandez's house, he did so with the intent to kill and aided and abetted and assisted Mr. Rendon who was the actual killer in the commission of the murder. Accordingly, he is still liable

9.

under Penal code section 189, and that would be Penal Code section – specifically, Penal Code section 189, sub (e), sub (2).

"Further, I believe that sub (e), sub (3), is also a potential avenue to – for a conviction, and that would be that Mr. Rendon was a major participant in the underlying felony and acted with reckless indifference to human life in taking the action that he took. But primarily, it's sub (e), sub (2), so the conviction will stand and the motion is denied."[2]

The court also addressed defense counsel's motion pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), to make a record of mitigating evidence for a future parole hearing. Appellant addressed the court and complained that he never got his "documents" or talked to his attorney about what he was going to say. Defense counsel explained he had not given appellant a copy of the doctor's report prepared pursuant to *Franklin* and did so at the hearing. The court stated it had received appellant's evidence relevant to *Franklin* and forwarded the documents to the Department of Corrections and Rehabilitation for a future parole hearing.

On July 20, 2020, appellant filed a notice of appeal from the court's order that denied his section 1170.95 petition.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on December 18, 2020, we invited appellant to submit additional briefing. To date, he has not done so.

---

[2] As amended, section 189, subdivision (e)(2) states that a participant in the perpetration or attempted perpetration of an enumerated felony in which death occurs is liable for murder if "[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." Subdivision (e)(3) states that such a person is liable for murder if the person "was a major participant in the underlying felony and acted with reckless indifference to human life, …"

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## **DISPOSITION**

The court's order of July 17, 2020, denying appellant's section 1170.95 petition, is affirmed.

---

[3] As required by *Lewis* and section 1170.95, the court appointed counsel to represent defendant, found a prima facie case was stated, issued an order to show cause, held a hearing on the petition, and invited argument from the parties. The court relied on the record from the plea hearing, where appellant stipulated to the factual basis that he aided and abetted the gunman with the intent to kill, and the defense failed to introduce any contrary evidence. The court properly denied appellant's petition. Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, *did not act with the intent to kill*, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added; *Lewis, supra,* 11 Cal.5th at p. 959.)